ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR**<br><br>Recurrido<br><br>v.<br><br>**FURIEL AUTO, CORP.**<br><br>Recurrente | TA2025RA00420 | **REVISIÓN** procedente del procedente del **Departamento de Asuntos del Consumidor**<br><br>Caso Núm.: **RPC-2025-0003413**<br><br>Sobre: Reglamento Prácticas Comerciales Número 9158 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2026.

Comparece ante nos Furiel Auto, Corp. (Furiel Auto o parte recurrente), mediante el presente recurso de revisión judicial, y nos solicita que revoquemos una *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO o parte recurrida) el 27 de octubre de 2025.[1] Mediante el referido dictamen, el DACO sostuvo una infracción de $1,000.00 impuesta por un inspector de dicha agencia contra Furiel Auto, al amparo de la Regla 14(b)(2) del Reglamento de Prácticas Comerciales, *infra.* En su consecuencia, ordenó a Furiel Auto a pagar la aludida multa, más el interés legal adquirido desde que se ordenó el pago hasta su saldo.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones (TA), Entrada Núm. 3, Anejo 6. Notificada y archivada en autos el 27 de octubre de 2025.

# I.

El caso de autos tiene su génesis el 21 de abril de 2025 cuando un inspector del DACO acudió a Furiel Auto y emitió una infracción en contra de dicho negocio.[2] Esta violación surgió como consecuencia de haber colocado a la venta un vehículo Nissan Versa 2021 VIN 3NICN8DV4ML890355 "con pagos desde $279.00 sin tener rotulado los detalles que te llevan al mismo", contrario a la Regla 14(b)(2) del Reglamento de Prácticas Comerciales, *supra*.[3]

El 2 de junio de 2025, Furiel Auto presentó una *Contestación a Notificación de Multa* en la que denegó las alegaciones contenidas en la multa.[4] Arguyó que los anuncios publicados por Furiel Auto cumplieron con el Reglamento Núm. 9158, *supra*, y se informaba que, de requerir más información, los consumidores debían llamar al concesionario. Por lo antes, suplicó del DACO la reconsideración de la imposición de la multa imputada, al igual que el archivo de esta; o, en su defecto, el señalamiento a una vista administrativa.

Así las cosas, el 8 de julio de 2025, el DACO emitió una *Notificación y citación* en la que convocó tanto al inspector como a Furiel Auto para celebrar una vista administrativa el 27 de agosto de 2025 a las 10:00 a.m.[5]

Celebrada la vista, el mismo 27 de agosto de 2025, el DACO emitió la *Resolución* recurrida.[6] Por medio de dicha determinación, la agencia administrativa confirmó la actuación del inspector y ordenó a Furiel Auto a proceder con el pago de la infracción. Asimismo, el DACO constó las siguientes determinaciones de hechos:

1. Furiel Auto Corp., es una corporación dedicada a la venta de vehículos de motor. El negocio opera en la dirección física Urb. Industrial San Rafael Ponce By

---

[2] *Íd.*, Anejo 1.
[3] *Íd.*, Anejo 3, pág. 1. Notificada y archivada en autos el 12 de mayo de 2025; véase también, *Íd.*, Anejo 2.
[4] *Íd.*, Anejo 4.
[5] *Íd.*, Anejo 5. Notificada y archivada en autos el 8 de julio de 2026.
[6] *Íd.*, Anejo 6.

Pass Carr. 2 km 33.1 Ponce, Puerto Rico, con dirección postal PO Box 8159, Caguas, Puerto Rico, 00725.

2. El 21 de abril de 2025, a eso de las 11:00 a.m., el inspector del D.A.C.O.-Región Ponce- Anthony Martell Rivera realizó una visita de fiscalización programada como plan de trabajo fijado en el área de concesionarios del Ponce Bypass/Urb. Industrial Rafael, entre los cuales se incluyó al negocio Furiel Auto Corp.

3. Las labores como inspector se enfatizan en fiscalizar sobre prácticas de información al consumidor, precio, rotulación, calidad y seguridad. El propósito de la gestión en esta visita fue verificar rotulación y boletas de precio de los vehículos exhibidos, conforme a los reglamentos del Departamento.

4. Al llegar a Furiel Auto, Corp., el inspector se identificó y se presentó con el Gerente del establecimiento, identificado como Rafael López, informándoles que verificaría las boletas y precios exhibidos en los autos del concesionario.

5. En el inventario exhibido, el inspector observó un vehículo Nissan versa, año 2021, que tenía rotulado el cristal ("con Griffin blanco") mensaje de "pago desde $279", no incluía detalle alguno que informara al consumidor cómo se llega al mismo.

6. El inspector emitió multa al concesionario Furiel Auto Corp. al amparo de la Regla 14(b)(2) del Reglamento de Prácticas Comerciales, fundamentando en que al momento de la visita del 21 de abril de 2025 el Nissan Versa 2021 3NICN8DV4ML890355 tenía "con pagos desde $279"; sin tener rotulado los detalles que llevan al mismo.

7. Conforme al inspector, éste fotografió en Furiel Auto, Corp. un Nissan Versa 2021, VIN 3NICN8DV4ML890355 en exhibición, del cual se visualiza un rótulo adherido al cristal en ("griffis") donde exhib[í]a lo siguiente: "pago desde $279.00". La fotografía forma parte del expediente administrativo.

8. El 12 de mayo de 2025, el D.A.C.O. Oficina Regional Ponce notificó la imposición de Multa Administrativa en la cantidad de $1,000.00. Así se expuso que en mi inspección realizada por un funcionario de este Departamento el día 21 de abril de 2025 reveló una violación a: Reglamento de Prácticas Comerciales 9158, Regla 14 Inciso b (2).

   La violación incurrida consiste en que tenía para la venta vehículo Nissan Versa 2021, VIN 3NICN8DV4ML890355 con pagos desde $279.00 sin tener rotulados los detalles que te llevan al mismo.

9. La notificación de Multa informó del término de veinte (20) días a partir del archivo en autos de la notificación de la multa administrativa para presentar contestación y de entenderlo necesario solicitar la administrativa.

10. El 2 de junio de 2025 la parte infractora mediante representante legal presentó Contestación a Notificación de Multa. De la misma se expone que los anuncios publicados por Furiel Auto, cumplen de forma estricta con lo expuesto en Reglamento para las prácticas comerciales; ofrecen información completa a los consumidores de bienes totalmente disponibles y para los cuales, se informa que, para más información, incluyendo el precio, deben llamar al concesionario, dicha información es clara, sin ambigüedades y no tiende a inducir en engaño a los futuros clientes.
Que el término PR[Á]CTICA ENGAÑOSA incluye, entre otros, lo siguiente: 1... 2. Representar o expresar un hecho o una oferta si tal declaración es engañosa o falsa, o posee la tendencia o capacidad para confundir, o si no se tiene la información suficiente para sustentarla, o se ocultare un dato relevante. Ello incluye hacer aseveraciones generales que, por su falta de especificidad, no pueden sustentarse." Que se opina no ser aplicable la Regla 14 b(2), a los anuncios de Furiel Auto; por no constituir ninguna práctica engañosa, que la imposición de la multa notificada no procede, por lo que, se solicita el archivo de la multa y/o en su lugar el señalamiento a vista administrativa.

11. El 27 de agosto de 2025 se celebró la vista administrativa en con [sic] la comparecencia del inspector adscrito a la Oficina Regional-Ponce-Anthony Martell Rivera. Furiel Auto, Corp. fue representado por el Lcdo. Alejandro Jesurum Molina en sustitución del Lcdo. Manuel U. Rivera Giménez.

12. Durante el interrogatorio, el inspector manifestó no conocer la fórmula específica de cálculo de un pago de financiamiento ni quién ofrece o determina la tasa de interés en una transacción concreta; sin embargo, sostuvo que el reglamento en la regla 14b(2) exige que, cuando se da publicidad de un pago, deben ponerse los detalles, se tiene que detallar cómo se llega a ese precio, no se sabe si es un pago cierto; lo que no estaba presente en lo observado y aunque se use la palabra desde o la palabra de; se debe detallar.

Así en su declaración expresó además, que encontró rotulación que hablaba de un pago, sin detalle, que decía "pago desde 279".

13. El inspector indicó que, además de Furiel Auto, Corp., visitó otros concesionarios en la misma zona ese día, y que en Furiel Auto lo irregular encontrado, fue la rotulación que anunciaba un pago sin los detalles requeridos ni el precio del vehículo.

14. La defensa argumentó, entre otros, planteamientos de debido proceso y notificación; alegó que la expresión "desde $279" no fija un pago cierto y que el financiamiento suele ser provisto por bancos o instituciones financieras no necesariamente por el concesionario, por lo que, a su entender, no era exigible al dealer detallar elementos financieros específicos en el rótulo.

15. El Reglamento de Prácticas Comerciales, dispone de lo siguiente: **Regla 14-Prácticas y Anuncios Engañosos; inciso (b)(2):** representar o expresar un hecho o una oferta si tal declaración es engañosa o falsa, posee la tendencia o capacidad para confundir, si no tiene la información suficiente para sustentarla, o se ocultare un dato relevante. Ello incluye hacer aseveraciones generales, que, por su falta de especificidad, no puede sustentarse.[7]

Inconforme, Furiel Auto presentó una *Moción en solicitud de reconsideración de resolución* el 14 de noviembre de 2025.[8] Esencialmente, sostuvo que, la expresión realizada por Furiel Auto no era falsa toda vez que el cliente tenía la oportunidad de obtener el pago ofertado con la entidad financiera de su preferencia, siempre y cuando cualificara bajo los parámetros de dicha entidad financiera. A su vez, arguyó que, la reglamentación adolecía de vaguedad por no precisar sus entornos y límites. En ese sentido, solicitó al DACO el archivo de la multa.

Ante la inacción del foro administrativo, el 29 de diciembre de 2025, Furiel Auto presentó ante nos un recurso de revisión judicial en el que señaló la comisión del siguiente error:

> **ERRÓ EL HONORABLE DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL DISPONER QUE FURIEL AUTO INFRINGIÓ LA REGLA 14(B)(2) DEL REGLAMENTO DE PRÁCTICAS COMERCIALES 9158 DE DICHO DEPARTAMENTO, LA CUAL ES UNA AMBIGUA, EN UN ANUNCIO DE UN PAGO MENSUAL PARA UN MODELO DE VEHÍCULO, POR RESULTAR ESTE UNA REPRESENTACIÓN INCOMPLETA CON ASEVERACIONES GENERALES.**

---

[7] *Íd.*, págs. 2-5.
[8] *Íd.*, Anejo 7.

Por su parte, el DACO radicó un *Alegato en oposición a recurso de revisión administrativa del Departamento de Asuntos del Consumidor (DACO)* el 10 de febrero de 2026.

**II.**

**A.**

El Artículo 4.006 (c) de la *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, Ley Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En el ejercicio de su facultad, los tribunales apelativos están obligados a concederles deferencia a las decisiones administrativas, pues estas poseen la experiencia y el conocimiento especializado respecto a los asuntos que se les han delegado a las agencias. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33; *Torres Rivera v. Policía de PR*, 196 DPR 606, 627 (2016). De este modo, todas las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo que la parte que las impugne debe producir suficiente evidencia para derrotarlas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan, supra*; *Trigo Margarida v. Junta Directores*, 187 DPR 384, 393-394 (2012).

Cónsono con lo anterior, al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad de las decisiones y actuaciones de la agencia. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan, supra*; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 115 (2023). Al aplicar este criterio, los foros revisores deben resolver si la determinación de la agencia, en la interpretación de los reglamentos y las leyes, es razonable. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan, supra*; *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 616 (2006). Es decir, la revisión judicial procede si la agencia administrativa actuó

arbitraria o ilegalmente, o de una forma tan irrazonable que en su actuación abusó de su discreción. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, *supra*, pág. 626. De igual modo, al revisar las determinaciones de hechos, los tribunales solo pueden sustituir su criterio por el de la agencia cuando las determinaciones no están fundamentadas en evidencia sustancial. *Hernández Feliciano v. Mun. Quebradillas*, *supra*, págs. 114-115. La evidencia sustancial es " 'aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión' ". *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 266 (2007) (*citando a Hernández, Álvarez v. Centro Unido*, *supra*, pág. 615). La parte que impugne una determinación "tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial". *Otero v. Toyota*, 163 DPR 716, 728 (2005).

Por otro lado, y por lo general, las agencias son las primeras intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Estado Libre Asociado de Puerto Rico*, 2024 TSPR 130. Sin embargo, los tribunales son el ente con el poder de interpretar las leyes y la constitución. *OEG v. Rodríguez y otros*, 159 DPR 98, 124 (2003). Cónsono con lo anterior, el Artículo 4.5 de la *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9675, dispone que las conclusiones de derecho "serán revisables en todos sus aspectos por el tribunal". Así, la interpretación de la agencia administrativa "no prevalecerá cuando produzca resultados incompatibles o contrarios al propósito del estatuto interpretado y a su política pública". *Otero Rivera v. Bella Retail Group, Inc.*, 214 DPR 473, 485 (2024) (Énfasis suplido en el original eliminado).

**B.**

La Asamblea Legislativa creó el Departamento de Asuntos del Consumidor con el propósito primordial de "vindicar e implementar los derechos del consumidor, frenar las tendencias inflacionarias; así como el establecimiento y fiscalización de un control de precios sobre los artículos y servicios de use y consumo". Artículo 3 de *"Ley Orgánica del Departamento de Asuntos del Consumidor"*, Ley Núm. 5 de 23 de abril de 1973 (Ley Núm. 5-1973), según enmendada, 3 LPRA sec. 341b. Entre sus responsabilidades, el DACO tiene el deber de reglamentar y fiscalizar los anuncios y las prácticas engañosas en el comercio, que incluye, entre otros, aquellos realizados a través de los diversos medios de comunicación. Artículo 6(j) de la Ley Núm. 5-1973, *supra*, sec. 341e. Asimismo, debe designar un cuerpo de inspectores "con el propósito de asistirle en la fiscalización del cumplimiento de las resoluciones, órdenes y reglamentos publicados por el Departamento". Artículo 11-A(a) de la Ley Núm. 5-1973, *supra*, sec. 341j-1. Como parte del cumplimiento de sus funciones, los inspectores pueden "emitir avisos de infracción a aquellos comercios que se encuentren en violación de cualquier resolución, orden o reglamento del Departamento". Artículo 11-A(b) de la Ley Núm. 5-1973, *supra*, sec. 341j-1. En ese sentido, el secretario tiene la facultad de imponer multas hasta un máximo de $10,000.00. Artículo 18 de la Ley Núm. 5-1973, *supra*, sec. 341q.

En lo pertinente, el DACO publicó el Reglamento Núm. 9158, *supra*. Regla 1 del Reglamento Núm. 9158, *supra*, pág. 5. Ello, con el fin de agrupar y actualizar las medidas que el DACO ha adoptado para regular algunas prácticas comerciales en Puerto Rico, y, de este modo, brindar seguridad y confianza a los consumidores. Regla 2 del Reglamento Núm. 9158, *supra*, pág. 5. A través del aludido reglamento, también se busca facilitar a los

comercios y consumidores; e identificar cuáles son las prácticas comerciales permitidas y prohibidas en atención a los derechos que el DACO debe salvaguardar. Regla 2 del Reglamento Núm. 9158, *supra*, pág. 5.

Las disposiciones del referido Reglamento deben interpretarse liberalmente a favor del consumidor, y aplican "[a] toda persona natural o jurídica que se dedique, de forma permanente o incidental, por sí misma o a través de un representante de otra, como intermediario, a ofrecer bienes o servicios a consumidores en la jurisdicción del Gobierno de Puerto Rico". Reglas 3 y 4 del Reglamento Núm. 9158, *supra*, pág. 6.

Ahora bien, el referido reglamento distingue lo que es un "anuncio" de un "anuncio engañoso". Un "anuncio" es "cualquier manifestación oral, escrita, pictórica o de cualquier otra forma presentada, hecha con el propósito de ofrecer, describir o de cualquier otra forma representar un producto o servicio o algún aspecto de éste". Regla 5(a) del Reglamento Núm. 9158, *supra*, págs. 6-7. De otra parte, precisa que se entiende como "anuncio engañoso" lo siguiente:

> [C]ualquier anuncio que constituya o tienda a constituir fraude engaño o comunique o tienda a comunicar una idea falsa, confusa o incorrecta, sobre el bien o servicio anunciado. También se considera engañoso cualquier anuncio que omita datos relevantes del producto, bien o servicio, limitando o privando al consumidor de tomar decisiones informadas y conscientes.
>
> Regla 5(b) del Reglamento Núm. 9158, *supra*, pág. 7.

Igualmente, la Regla 6 del Reglamento Núm. 9158, *supra*, dispone que "un anuncio podrá ser engañoso tomado como un todo, aun cuando cada expresión tomada independientemente sea cierta". Regla 6(d) del Reglamento Núm. 9158, *supra*, pág. 11. En particular, dicho reglamento enfatiza su prohibición y especifica todas las prácticas que circunscriben tal sanción. Entre ellas, incluye la siguiente:

> Representar o expresar un hecho o una oferta si tal declaración es engañosa o falsa, o posee la tendencia o capacidad para confundir, o si no se tiene la información suficiente para sustentarla, o se ocultare un dato relevante. Ello incluye hacer aseveraciones generales que, por su falta de especificidad, no pueden sustentarse.
>
> Regla 14(b)(2) del Reglamento Núm. 9158, *supra*, pág. 16.

### III.

En el caso de marras, nos toca dirimir si el DACO incidió al determinar que Furiel Auto infringió la Regla 14(b)(2) del Reglamento Núm. 9158, *supra*, por exhibir un anuncio de pago mensual en uno de sus vehículos de motor.

A juicio del DACO, procedía ordenar a Furiel Auto a cumplir con el pago de la infracción impuesta por el inspector de dicha agencia. Sostuvo ante nos que el Reglamento Núm. 9158, *supra*, incluía en su definición de "anuncio engañoso" cualquier anuncio que omitiera datos relevantes del producto o privara al consumidor de tomar decisiones informadas y conscientes. Expuso que, Furiel Auto debió haber incluido en su publicación las condiciones necesarias para cualificar para la mensualidad, tales como, "precio final del vehículo, pronto pago, balance a financiar en caso de requerirse pronto pago, costo de seguro, empírica, historial crediticio, por ciento de interés anual, término del financiamiento, entre otros".[9] Por ello, sostuvo que, al limitarse en exponer datos generales, la publicación en cuestión creaba en el consumidor una expectativa sobre un pago mensual, a pesar de que dicha determinación no recaía en el concesionario sino en la entidad financiera y a base de las circunstancias particulares e individuales de cada comprador. Por tal razón, sostuvo que ello constituyó una representación engañosa, en contravención a la Regla 14(b)(2) del

---

[9] *Íd.*, Entrada Núm. 5, pág. 20.

Reglamento 9158, *supra*, y consecuentemente, suplicó a este Tribunal que confirmara la determinación recurrida.

Por su parte, Furiel Auto arguyó que el DACO erró al determinar que infringió la Regla 14(b)(2) del Reglamento Núm. 9158, *supra*, por haber anunciado en el cristal de un vehículo Nissan Versa: "con pagos desde $279", sin detalles adicionales. En específico, planteó que ello no resultaba una expresión falsa toda vez que el cliente tenía la oportunidad de adquirir el mencionado pago una vez cumpliera con los parámetros impuestos por la entidad financiera que seleccionara. Asimismo, esbozó que las disposiciones del reglamento figuraban como una interpretación vaga y carecían de especificidad. Adujo también que, la obligación que se les estaba imponiendo a los comerciantes era una carga onerosa y compleja. Conforme a lo anterior, nos solicitó que revocáramos la multa impuesta.

Tras un análisis cuidadoso y sosegado de la totalidad del expediente administrativo, resolvemos que el DACO no incidió en su determinación.

Según pormenorizamos anteriormente, la Regla 14(b)(2) del Reglamento Núm. 9158, *supra*, pág. 16, reza como sigue:

> Representar o expresar un hecho o una oferta si tal declaración es engañosa o falsa, o posee la tendencia o capacidad para confundir, o si no se tiene la información suficiente para sustentarla, o se ocultare un dato relevante. Ello incluye hacer aseveraciones generales que, por su falta de especificidad, no pueden sustentarse.

De igual forma, todo anuncio debe "estar redactado, expresado y presentado de tal forma que lleve a la mente del consumidor toda aquella información que le sea esencial y necesaria para conocer sobre las cualidades, calidad, formas de pago, precio, tamaño, cantidad, utilización o cualquier otra característica del bien o servicio que se anuncia, libre de toda ambigüedad que pueda tender a confundirlo". Regla 15(a) del Reglamento Núm. 9158,

*supra*, pág. 19. En cuanto a su divulgación, la Regla 16 del Reglamento Núm. 9158, *supra*, pág. 20, establece que todo comerciante debe publicar de forma clara y adecuada los datos relevantes de un servicio o producto, previo a efectuar la venta u ofrecimiento de venta del mismo. Esta promulgación debe ser libre de ambigüedades que puedan confundir al consumidor. A esos efectos, un "dato relevante" es aquel que "de divulgarse, podría influenciar a los consumidores a adquirir o no un bien o servicio anunciado; o a realizar o no el acto que señala o parece señalar el anuncio o práctica". Regla 5(j) del Reglamento Núm. 9158, *supra*, pág. 8. Entre los datos que el propio reglamento cataloga como relevante se encuentra el precio total del bien o servicio; las condiciones y términos del financiamiento, de ser ofrecido alguno; al igual que las especificaciones; a saber: "modelo, año, componentes, características o garantías, del bien o servicio, siempre que por la naturaleza del bien o servicio que se anuncie o se ofrezca en venta sea necesario conocer esta información". Regla 16(a), (i), (k) del Reglamento Núm. 9158, *supra*, págs. 20-21; véase además, Reglas 20 y 29 del Reglamento Núm. 9158, *supra*, págs. 24-25, 36.

Según pormenorizado, el propósito detrás de prohibir prácticas y anuncios engañosos es promover un ambiente de confianza en las transacciones comerciales que ocurren en Puerto Rico. Regla 11 del Reglamento Núm. 9158, *supra*, pág. 14. Particularmente, vemos que la Regla 14(b)(2), tiene el fin de salvaguardar los derechos del consumidor de expresiones falsas o que induzcan a confusión, y de impedir publicaciones que privan al consumidor de tomar decisiones informadas y conscientes sobre el producto. Regla 14(b)(2) del Reglamento Núm. 9158, *supra*; véase además, Regla 5(b) del Reglamento Núm. 9158, *supra*, pág. 7. Indubitablemente, la Regla 14(b)(2) del Reglamento Núm. 9158,

*supra*, de igual modo, veda los anuncios engañosos con aseveraciones generales que, por su falta de especificidad, no puedan sustentarse.

En el presente caso, el anuncio en controversia fue identificado por un inspector del DACO en uno de los concesionarios de Furiel Auto. Allí, tenían a la venta un vehículo que exhibía en unos de sus cristales la frase: "con pagos desde $279".[10] Ciertamente, dicho anuncio violentó la Regla 14(b)(2) del Reglamento Núm. 9158, *supra*, pues omitió el precio total, el modelo, el año, los componentes, las características o garantías, del bien, al igual que las condiciones y los términos de financiamiento. Regla 16(a), (i), (k) del Reglamento Núm. 9158, *supra*, págs. 20-21. Es decir, Furiel Auto falló en incluir, libre de toda ambigüedad, toda información que fuese esencial y necesaria para conocer las características del bien y que evitara que los consumidores se confundieran al momento de tomar una decisión. Regla 15(a) del Reglamento Núm. 9158, *supra*, pág. 19. Ante tales circunstancias, el DACO no erró al sostener la multa en pugna, al amparo de la Regla 14(b)(2) del Reglamento Núm. 9158, *supra*.

## IV.

Por las razones discutidas anteriormente, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Íd.*, Entrada Núm. 3, Anejo 2, pág. 2.